UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CATHY ENWERE, | No. C 13-01160 LB |
| Plaintiff, | **ORDER (1) TO SHOW CAUSE AND (2) EXTENDING TIME FOR SERVICE** |
| v. | |
| AMERICAN NATIONAL, et al., | |
| Defendants. | |

## I. INTRODUCTION

On March 14, 2013, Plaintiff Cathy Enwere filed a complaint against Defendants American National Company of Insurance, Danielson Indemnity Insurance, Wells Fargo Dealer Services, Kevin Grant, and Natasha Danielson (collectively, "Defendants"). Complaint, ECF No. 1.[1] That same day, Enwere filed an application to proceed *in forma pauperis*. Motion for Leave, ECF No. 3. Several days later, the court approved Enwere's application to proceed *in forma pauperis*. Order, ECF No. 5. To date, Enwere has not consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) and has not served Defendants. *See generally* Docket.

On April 8, 2013, the court received a letter from Eileen McCarthy, a staff counselor at the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

ORDER
C 13-01160 LB

1 Women's Recovery Association. ECF No. 9. Enwere also cosigned the letter. *Id.* It states that
2 Enwere is in residential drug recovery treatment and plans to remain there until at least June 20,
3 2013. *Id.* For that reason, she requests "an extension for her claim." *Id.* Upon consideration of
4 Enwere's request and a further review of her complaint, the court must address issues with subject-
5 matter jurisdiction and the time limit for service.

## II. SUBJECT-MATTER JURISDICTION

It appears from Enwere's complaint and Civil Cover Sheet that subject-matter jurisdiction does not exist. *See* Complaint, ECF No. 1. The complaint appears to allege negligence against Defendants but it is not completely clear to the court. *Id.* Enwere named the complaint "Issuance Theft Illegal Repossession." *Id.* The handwritten complaint is illegible and difficult for the court to understand. *Id.*

On the Civil Cover Sheet, Enwere checked off a box, indicating that jurisdiction exists pursuant to 28 U.S.C. § 1345 because the U.S. Government is a plaintiff in the suit. *See* Civil Cover Sheet, ECF No. 1-1 at 1. This is not the case. *Id.* Enwere also indicated that she and Defendants are citizens of the same state. *Id.* This would mean that there is no diversity jurisdiction under 28 U.S.C. § 1332. Enwere does not appear to cite any federal cause of action or plead any other basis for federal jurisdiction.

Accordingly, Enwere is hereby ordered to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Given Enwere's plans to remain in residential treatment until at least June 20, 2013, the court will give her sufficient time to complete her program. Accordingly, Enwere **SHALL** file a response to this order no later than July 22, 2013.

## III. SERVICE

This raises another problem. To date, Enwere has not served Defendants. *See generally* Docket. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after filing the complaint. The 120 days for service runs from the date of the original complaint. *See* Fed. R. Civ. P. 4(m). A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for failing to serve a defendant. *Id.* If good cause appears, the court must extend the time for service for an appropriate period. *Id.*

ORDER
C 13-01160 LB
2

Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Good cause exists where the plaintiff has attempted to serve a defendant, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overruled on other grounds). Good cause was found where the delay in service was attributable to serious illness of plaintiff's counsel and resulted in no prejudice to defendant. *LeMaster v. City of Winnemucca*, 113 F.R.D. 37, 38-39 (D. Nev. 1986). The court also has broad "discretion under Rule 4(m), absent a showing of good cause, to extend the time of service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513 (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

Enwere is a *pro se* litigant. The court finds that her enrollment in a residential drug treatment program for at least 90 days is a serious medical complication that constitutes good cause. Good cause appearing, the court **EXTENDS** the time for service by 30 days. Enwere shall file proof of service by August 12, 2013.

## CONCLUSION

For the reasons stated above, the court **ORDERS** Enwere to file a response to this order no later than July 22, 2013 and **EXTENDS** the time limit for service until August 12, 2013. The Case Management Conference is continued until September 19, 2013 at 11:00 a.m. in courtroom C, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The parties shall file a joint case management conference statement no later than September 12, 2013.

**IT IS SO ORDERED.**

Dated: April 16, 2013

LAUREL BEELER
United States Magistrate Judge